People v Rivas
2026 NY Slip Op 03511
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Christopher Rivas, Defendant-Appellant.

Decided and Entered: June 04, 2026
Ind No. 4769/17|Appeal No. 6805|Case No. 2022-03663|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), and Davis Polk & Wardwell LLP, New York (Mai-Lee Picard of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered May 3, 2022, as amended October 25, 2022, convicting defendant, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 23 years to life, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of prior statements and acts by defendant which involved use of a gun or threats of killing someone in order to exert control over his girlfriend. The probative value of the evidence outweighed any potential prejudice (see People v Weinstein, 42 NY3d 439, 458 [2024]). Initially, this evidence was relevant as to motive or intent, in that defendant shot the victim after he touched defendant's girlfriend and then interfered with defendant's attempts to "retrieve" her (see People v Mitchell, 144 AD3d 1598, 1599 [4th Dept 2016], lv denied 33 NY3d 1071 [2019]). In addition, this evidence tended to refute defendant's claim that the shooting was accidental and to explain to the jury the seemingly disproportionate nature of defendant's response to the victim's actions (see People v Levasseur, 133 AD3d 411, 411 [1st Dept 2015], lv denied 27 NY3d 1001 [2016]).
While this evidence was potentially prejudicial, any potential prejudice was minimized by the court's issuance of a suitable limiting instruction. Defendant's argument that the court should have provided a more explicit limiting instruction is unpreserved (People v Hymes, 34 NY3d 1178, 1179 [2020]). In any event, we find that any error in admitting this evidence was harmless.
Defendant repeatedly refused to be interviewed by mental health examiners pursuant to CPL article 730. The court was authorized to conclude, based on the examiners' findings that he was fit to proceed, to pronounce defendant competent to stand trial (see People v Williams, 231 AD3d 412, 412 [1st Dept 2024], lv denied 43 NY3d 947 [2025]; People v Torres, 194 AD2d 488, 488 [1st Dept 1993], lv denied 82 NY2d 727 [1993]).
We perceive no basis to reduce the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026